UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RANDY C. WEISSERT,

      Plaintiff,

v.

NICOLE M. COOK, THOMAS M.
PHILLIPS and BRIAN GRILL,

      Defendants.
_____/

Case No.  1-05-cv-335

Hon. Richard Alan Enslen

**OPINION**

This matter is before the Court on Defendant Brian Grill's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56.  Upon review of the briefing, oral argument is unnecessary and would only protract resolution of the Motion for Summary Judgment.  W.D. MICH. LCIVR 7.2(d).

**I.  BACKGROUND**

On approximately June 7, 2001, Defendant Nicole M. Cook reported to the police that she had been the victim of a sexual assault committed by Plaintiff Randy C. Weissert.  Defendant Brian Grill, a deputy for Montcalm County Sheriff's Department at the time, was dispatched to respond to the call.  Defendant Grill investigated the incident and submitted a report to the prosecutor's office. Initially, the prosecutor declined to prosecute.  Later, in 2002, a newly-appointed prosecutor, Andrea Krause decided to prosecute Plaintiff.  Plaintiff was held for 49 days in the custody of the Montcalm County Sheriff's Department because he was unable to post bail.  Plaintiff was tried by jury, after a preliminary examination, and found not guilty on January 28, 2003.  (Pl.'s Compl. 2.)

Plaintiff subsequently brought this suit against Defendants Nicole Cook, Thomas M. Phillips, and Brian Grill. In his Complaint, Plaintiff alleges five counts: Count I, a violation of 42 U.S.C. § 1983; Count II, Abuse of Process; Count III, Intentional Infliction of Emotional Distress; Count IV, Civil Conspiracy; and Count V, Concert of Action. Defendants Cook and Phillips have defaulted in this action, and Defendant Grill now moves for summary judgment.

## II.   LEGAL STANDARDS

Deciding a motion for summary judgment requires the Court to determine if there is no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file. *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The facts are to be considered in a light most favorable to the non-moving party, and ". . . all justifiable inferences are to be drawn in his favor." *Schaffer v. A.O. Smith Harvestore Prod.*, 74 F.3d 722, 727 (6th Cir. 1996) (quoting *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted).

Once the movant satisfies his burden of demonstrating an absence of a genuine issue of material fact, the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Kramer v. Bachan Aerospace Corp.*, 912 F.2d 151, 153-54 (6th Cir. 1990). The non-moving party may not rest on its pleading but must present "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting FED. R. CIV. P. 56(e)). It is the function of the Court to decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. The question is "whether a fair-minded jury

could return a verdict for the [non-moving party] on the evidence presented." *Id.* at 252. "The 'mere possibility' of a factual dispute is not enough,'" *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992) (quoting *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)), neither is the submission of *de minimis* evidence. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).

**III.    ANALYSIS**

A.    42 U.S.C. § 1983 Claim

    1.    Defendant Grill

Under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff asserts in his Complaint that Defendant Grill, while acting under the color of state law, violated Plaintiff's right to liberty under the substantive component of the Due Process Clause of the Fourteenth Amendment, which includes freedom from captivity. (Pl.'s Compl. ¶ 24.)

Defendant Grill argues that he is immune from this claim on the basis of qualified immunity. Qualified immunity shields "government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To determine whether a government official is entitled to qualified immunity, a three-part test is utilized: "whether based upon the applicable law, the facts viewed in a the light

3

most favorable to the plaintiff[] show that a constitutional violation has occurred; whether the violation involved a clearly established constitutional right of which a reasonable person would have known; and whether the plaintiff has offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights." *Radavansky v. City of Olmsted Falls*, 395 F.3d 291, 302 (quoting *Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir. 2003)).

In the instant case, it appears Plaintiff's constitutional claim is one of malicious prosecution in violation of the Fourteenth Amendment of the United States Constitution.[1] (Pl.'s Compl. ¶ 25). Plaintiff alleges that Defendant Grill should have known on the date of the alleged sexual assault that Plaintiff did not commit such an assault because of inconsistent witness statements, Plaintiff's denials, and Plaintiff's admission that he was on medication which did not allow him to become sexually aroused. (*Id*. ¶¶ 16-17.) Plaintiff further asserts that Defendant Grill incorrectly reported Plaintiff's statements and also implies impropriety of the arrest and detention because the victim's

---

[1]"Traditionally, the federal courts grouped continued detention without probable cause with several other potential injuries under the umbrella of 'malicious prosecution' claim, actionable under § 1983 as a violation of due process." *Gregory v. City of Louisville*, 444 F.3d 725, 748 (6th Cir. 2006) (citing *Albright v. Oliver*, 510 U.S. 266, 271 (1994)). However, this changed after the Supreme Court's decision in *Albright*. In *Albright*, the Supreme Court found that the plaintiff was actually alleging a denial of pretrial deprivations of liberty and therefore, the claim was one in violation of the Fourth Amendment. *Id*. The Sixth Circuit "has interpreted *Albright* as requiring that traditional claims for 'malicious prosecution' be pursued and treated as Fourth Amendment violations when the gravamen of the complaint is continued detention without probable case." *Id*. (citing *Spurlock v. Satterfield*, 167 F.3d 995, 1004-06 (6th Cir. 1999)).

Plaintiff in the instant case has not alleged a violation of the Fourth Amendment of the Constitution. As the Sixth Circuit has not yet answered the question of whether a claim of malicious prosecution may allege an injury separate from the Fourth Amendment's protection, the Court will evaluate Plaintiff's claim under the Fourteenth Amendment as alleged in his Complaint. *Id*. at 749 n.10.

uncle worked at the sheriff's office and her aunt worked at the prosecutor's office. (*Id.*) However, even taken in a light most favorable to Plaintiff, there are no facts to support the claim that Plaintiff's constitutional rights have been violated or that Defendant Grill violated a clearly established constitutional right.

Plaintiff has failed to allege any facts outside of inconsistent statements on the record and an innuendo of impropriety to support the claim. Plaintiff has not refuted that Defendant Grill only investigated the claim and submitted a report to the prosecutor's office. Plaintiff has also failed to substantiate or allege with any particularity any statement that Defendant Grill may have incorrectly included in his report.[2] Further, Plaintiff has failed to support his claim with any viable evidence. Plaintiff has not offered his own affidavit nor any deposition testimony supporting his statement of the facts. The prosecuting attorney, Andrea Krause, testified that the fact the victim may have been related to someone in the prosecutor's office or a deputy sheriff had no impact on the decision to issue a warrant. (*See* Krause Dep. at 11-12). In light of this complete dearth of evidence, the Court finds Plaintiff cannot support a valid due process violation claim or that Defendant Grill violated a clearly established constitutional right.[3] Accordingly, the Court finds Defendant Grill is entitled to qualified immunity.

---

[2]Indeed, Defendant Grill was not even questioned in the deposition about any misstatements or incorrect facts included in his reports. (*See* Grill Dep.).

[3]The Court also notes that Plaintiff has failed to articulate an argument that the facts of his claim support a claim under § 1983 in his Response to the Motion for Summary Judgment, offering only excerpts from reports and citing the elements of the claim.

5

      2.      Defendants Nicole M. Cook and Thomas M. Phillips

    a.      Entry of Default

Under Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default "[f]or good cause shown." FED. R. CIV. P 55(c). In *United Coin Meter Co. v. Seaboard C. R.R.*, 705 F.2d 839, 845 (6th Cir. 1983), the Sixth Circuit set forth the factors used to determine whether "good cause" has been shown for purposes of setting aside an entry of default under Rule 55(c). Those three factors are: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. *Id*. at 845 (citing *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656 (3d Cir. 1982) (factors held to apply to both Rule 55(c) motion and also a Rule 60(b) motion to set aside entry of a judgment by default.); *see also Rooks v. Am. Brass Co.*, 263 F.2d 166, 168 (6th Cir. 1959) (per curium).

In applying these factors, the Court finds that the entry of default against Defendants Cook and Phillips should be set aside in regards to the federal 42 U.S.C. § 1983 claim. First, Plaintiff has failed to set forth a viable claim against Defendants Cook and Phillips under this cause of action and as a result, Plaintiff would not be prejudiced by the default being set aside. Second, Plaintiff has failed to allege any pertinent facts or testimony which support the elements of the claim or would entitle him to relief against Defendants Cook and Phillips. Accordingly, the Court finds that Defendants Cook and Phillips have a "meritorious defense." Therefore, the Court finds that in the interests of justice, the entry of default against Defendants Cook and Phillips will be set aside.

    b.      Federal Claim against Defendants Cook and Phillips

Plaintiff alleges that he suffered a violation of his Fourteenth Amendment rights by the actions of Defendants Cook and Phillips. Plaintiff argues that the cause of action is proper because

under § 1983, private individuals are proper defendants if they acted in concert with persons acting under the color of state law. *See Dennis v. Sparks*, 449 U.S. 24, 28-29 (1980).

The Court finds Plaintiff has failed to allege any facts which would support his claim that Defendants Cook and Phillips conspired with Defendant Grill to thwart Plaintiff's constitutional rights in violation of § 1983. "Allegations in a plaintiff's complaint that a private citizen-defendant acted corruptly in concert with a state official may be sufficient to make out a claim that, as to the action in question, the defendant is a state actor." *Tahfs v. Proctor*, 316 F.3d 584, 591 (6th Cir. 2003). In the instant case, Plaintiff makes only vague and unsupported allegations that any concerted action occurred. Plaintiff asserts that one employee in the sheriff's department and one employee in the prosecutor's office were related to Defendant Cook and perhaps influenced the investigation or prosecution. This allegation is denied by the prosecutor, Andrea Krause, and the inquiry was not pursued in Defendant Grill's deposition. Moreover, no other argument or evidence is offered on the issue. This lone innuendo of impropriety, which is both denied on the record and lacks any other corroborating evidence, is insufficient to make out a claim.

Accordingly, Plaintiff cannot allege that Defendants Cook and Phillips acted under the color of state law or acted in concert with persons acting under color of law. Therefore, even in a light most favorable to Plaintiff, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted and the federal § 1983 claim should be dismissed.

B.   State Law Claims

To the extent that Plaintiff's Complaint presents allegations under state law against Defendants Grill, Cook and Phillips, the Court declines to exercise jurisdiction. "Where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction

and the federal claims are dismissed prior to trial, the state law claims should be dismissed without reaching their merits." *See Faughender v. City of N. Olmsted, Ohio*, 927 F.2d 909 (6th Cir. 1991); *see also Coleman v. Huff*, No. 97-1916, 1998 WL 476226, at *1 (6th Cir. Aug. 3, 1998). This disposition is in accordance with 28 U.S.C. § 1367(c)(3).

### IV. CONCLUSION

Therefore, the Court will grant Defendant Grill's Motion for Summary Judgment and dismiss Plaintiff's 42 U.S.C. § 1983 claim. Further, the 42 U.S.C. § 1983 claim against Defendants Nicole M. Cook and Thomas M. Phillips will be dismissed as well. Plaintiff's remaining state law claims will be dismissed without prejudice in accordance with 28 U.S.C. § 1367(c)(3).

A Judgment consistent with this Opinion shall issue.

DATED in Kalamazoo, MI:       /s/ Richard Alan Enslen
      January 16, 2007       RICHARD ALAN ENSLEN
             SENIOR UNITED STATES DISTRICT JUDGE